IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |
|---|---|
| JENNIFER L.[1], ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:20-cv-00442 |
| ) | |
| KILOLO KIJAKAZI, Acting ) | By: Elizabeth K. Dillon |
| Commissioner, Social Security ) | United States District Judge |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jennifer L. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying her application for disability insurance benefits under the Social Security Act. (Complaint, Dkt. No. 1.) Plaintiff and the Commissioner moved for summary judgment (Dkt. Nos. 14, 17), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On February 7, 2022, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 19.) Plaintiff filed objections on February 21, 2022. (Dkt. No. 20.) The Commissioner responded to the objections on March 4, 2022. (Dkt. No. 21.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I. BACKGROUND[2]

Plaintiff filed for Disability Insurance Benefits (DIB) in November 2016, claiming that her disability began on May 1, 2013, due to angina, fibromyalgia, and panic attacks. (Tr. 221.) The Administrative Law Judge (ALJ) held a hearing on May 22, 2019. On July 10, 2019, the ALJ issued a decision denying plaintiff's claim for benefits. (Tr. 17–39.)

The ALJ found that plaintiff suffered from the severe impairments of degenerative disc disease of the cervical spine, obesity, fibromyalgia, angina, osteoarthritis of the hips, lumbago, peripheral neuropathy, and asthma. (Tr. 19.) The ALJ determined that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. The ALJ concluded that plaintiff retained the residual functional capacity (RFC) to perform sedentary work, except that she can occasionally climb, balance, stoop, kneel, crouch and crawl; and can occasionally be exposed to extreme cold, vibration, excessive noise or exposure to more than moderate noise, and pulmonary irritants. The ALJ found that plaintiff can never be exposed to hazards or unprotected heights. (Tr. 24.)

The ALJ determined that plaintiff was unable to perform her past relevant work as a retail manager, home attendant, and cashier. However, the ALJ determined that plaintiff could perform other work that exists in the national economy such as addressing clerk, weight tester, and assembler. Thus, the ALJ determined that plaintiff was not disabled.

---

[2] The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 3–11.)

II. DISCUSSION

A. **Standard of Review**

This court's review of the ALJ's underlying decision is limited. *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the

equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *see also Hammack v. Berryhill*, Civil Action No. 7:16cv00314, 2017 WL 4203545, at *2 (W.D. Va. Sept. 21, 2017) ("A plaintiff who reiterates her previously raised arguments will not be given 'the second bite at the apple she seeks'; instead, her re-filed brief will be treated as a general objection, which has the same effect as would a failure to object.") (quoting *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008)).

**B. Objections to the R&R**

In her summary judgment brief, plaintiff argued that the ALJ's assessment of her impairments, RFC finding, and subjective allegations were not supported by substantial evidence. (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J., Dkt. No. 15.) In many if not most respects, plaintiff's objections to the R&R are a restatement of her summary judgment arguments. It is not necessary for the court to address the exact same arguments raised before

and thoroughly addressed by the magistrate judge. The court will, however, address the following objections.

According to plaintiff, the R&R attempted to build a logical bridge between the evidence and the ALJ's findings to cover for the ALJ's failure to properly consider plaintiff's cervical radiculopathy and its impact upon plaintiff's manipulative limitations and RFC findings. As the R&R explained, the ALJ did not explicitly find that plaintiff's cervical radiculopathy was a severe impairment, but the ALJ considered the condition together with the combined effect of all of plaintiff's impairments when assessing her RFC. The R&R is correct in noting that the ALJ acknowledged and addressed cervical radiculopathy and its symptoms on several occasions. (*See* Tr. 25 ("She mentioned she also had neck pain with radiculopathy from cervical degenerative disc disease"); Tr. 31 (noting that plaintiff "complained of radiating to both shoulders and down the left arm to the hand. She said she had numbness and tingling in the left hand"); Tr. 32 (mentioning diagnosis of cervical degenerative disc disease and cervical radiculopathy and that plaintiff might be a surgical candidate).) The court agrees with the magistrate judge that the ALJ considered the evidence relating to this condition and accounted for the relevant symptoms when developing the RFC.

Plaintiff also argues that the ALJ erred in addressing plaintiff's subjective allegations relating to fibromyalgia. Plaintiff cites *Arakas v. Comm'r*, 983 F.3d 83 (4th Cir. 2020), which held that it was error for the Commissioner to discredit subjective complaints based on the lack of objective evidence to corroborate the complaints. "Thus, [the ALJ] 'improperly increased her burden of proof' by effectively requiring her subjective descriptions of her symptoms to be supported by medical evidence. This type of legal error is particularly pronounced in a case involving fibromyalgia—a disease whose 'symptoms are entirely subjective[.]'" 983 F.3d at 96.

In other words, an ALJ cannot required that subjective symptoms be supported by objective medical evidence, but the ALJ is not required to defer to subjective complaints if they are inconsistent with the available evidence. (R&R 18 (citing *Willa F. v. Kijakazi*, No. ADC-20-2659, 2021 WL 5167018, at *7 (D. Md. Nov. 5, 2021).) As the ALJ noted, plaintiff's fibromyalgia seemed to respond to medication; neurological examinations were unremarkable; her gait and station were normal; her treatment has generally been conservative; there was an issue of compliance, suggesting that the symptoms were not as limiting as plaintiff would suggest; and plaintiff mentioned exercising daily as part of her normal routine. (Tr. 35–37.) The court finds that the ALJ did not violate the holding of *Arakas*.

### III.  CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 19) is ADOPTED;
2. Plaintiff's objections (Dkt. No. 20) are OVERRULED;
3. The Commissioner's motion for summary judgment (Dkt. No. 17) is GRANTED;
4. Plaintiff's motion for summary judgment (Dkt. No. 14) is DENIED; and
5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: March 14, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge